**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| Sara Carnes, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No.  1:20-cv-3186 |
| Global Trust Management, LLC, a Florida limited liability company, ) ) ) ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Sara Carnes, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Sara Carnes ("Carnes"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt, which was allegedly owed for a payday/internet loan.

4. Defendant, Global Trust Management, LLC ("GTM"), is a Florida limited

liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. Defendant GTM operates a nationwide defaulted debt collection business and attempts to collect defaulted debts from consumers in many states, including the State of Indiana. In fact, Defendant GTM was acting as a debt collector as to the defaulted consumer debt at issue here.

5. Defendant GTM is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Indiana.

6. Defendant GTM is not licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B, but, in fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Ms. Carnes fell behind on paying her bills, including a debt she allegedly owed for a payday/internet loan. Sometime after that debt went into default, Defendant tried to collect it by sending Ms. Carnes an initial form collection letter, dated July 1, 2020. This collection letter stated that the "Original Creditor" was "American Web Loan", then stated that the "Current Owner" was "Reel Time Capital LLC", but then further stated that the account was "Serviced By: GLOBAL TRUST MANAGEMENT, LLC". The letter failed to advise Plaintiff to whom the debt was then owed, or what the difference was between the "Original Creditor", the "Current Owner", or the "Serviced By", nor state that one of these entities was the current creditor to whom the debt was owed. A copy of Defendant's letter is attached as Exhibit C.

8. Thus, Defendant's letter failed to state effectively the name of the creditor to whom the debt was then owed. In fact, Plaintiff is informed and believes, through counsel, that Reel Time Capital LLC obtained the debt after default and was the creditor to whom the debt was then owed.

9. A statement that Reel Time Capital LLC was the current creditor to whom the debt was then owed, would have sufficed to effectively identify the name of the creditor to whom the debt was then owed.

10. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Moreover, the identification of the creditor is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3rd 317, 319-25 (7th Cir. 2016); Dennis v. Niagara Credit Sols., 946 F.3d 368, 370 (7th Cir. 2019). Plaintiff was, in fact, confused as to whom she owed this debt.

11. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Current Creditor

13. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, they had to provide Ms. Carnes with an effective

validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed" see, 15 U.S.C. § 1692g(a)(2).

14.   Defendant's form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to identify effectively the current creditor to whom the debt was owed, see, Janetos, 825 F.3rd at 321-23; see also, Dennis, 946 F.3d at 370-71.

15.   Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

16.   Plaintiff, Sara Carnes, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a defaulted consumer debt allegedly owed for an internet/payday loan debt, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violated the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

17.   Defendant regularly engages in debt collection, using the same form collection letter it sent Plaintiff Carnes, in its attempts to collect defaulted consumer debts from other consumers.

18.   The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts by sending other consumers the same form collection letter it sent Plaintiff Carnes.

19.   Plaintiff Carnes' claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the

Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

21. Plaintiff Carnes will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Carnes has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Sara Carnes, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Carnes as Class Representative of the Class, and her attorneys as Class Counsel;

    3.      Find that Defendant's form collection letter violates the FDCPA;

    4.      Enter judgment in favor of Plaintiff Carnes and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    5.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Sara Carnes, individually and on behalf of all others similarly situated, demands trial by jury.

                                                        Sara Carnes, individually and on behalf of all others similarly situated,

                                                        By: /s/ David J. Philipps_____
                                                        One of Plaintiff's Attorneys

Dated: December 11, 2020

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street, Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com